Our final case today is a U.S. versus a Brandon Gravatt. Mr. Small. I am Park Small. I'm the federal defendant for South Carolina. I'm here today on behalf of Mr. Gravatt. Now, this case seems to be very simple. First of all, it's about the First Step Act. Its purpose of the act was remedial. The Congress was concerned about the discriminatory effect of the 101 crack powder ratio that was originally in the statute. So it passed this act. A very simple act. It has two steps. One for identifying what are covered cases. And the second, how a sentence could be modified if it is a covered case. What we're here about this morning, I believe, is whether a case is a covered case. Now, this was a case, Mr. Gravatt's case, a case decided before Wersing. In fact, there were a number of these cases decided before Wersing with this same identical issue, where there were two drugs in the same statute of conviction. And because we didn't have the benefit of Wersing, it was a new statute. Some decisions were made that probably in light of Wersing, the district judge probably would not have made the same decision that it made in Mr. The only finding in the case is something that came from the probation office in its report originally, said the defendant does not qualify. The defendant is not eligible. Persons convicted of cocaine-based offenses, but whose statutory ranges were not affected, are not eligible. And that was the extent of the district court's decision. And now we know that that is not exactly the correct rule. After Wersing, the statement is, right out of Wersing, all defendants who are serving sentences for violations of 21 U.S. Code 841 B1A3 are eligible for relief. That's the coverage question. And it says, all. Counsel, in your mind, does eligible, is it synonymous with covered under subsection A, is that your position? Yes, because the word coverage was never mentioned in the district court order. I got you. Yeah, in looking at this order, I mean, it certainly uses the terminology eligible, and you may be right that it's kind of an analysis of subsection A. I'm not sure you're giving it quite enough credit. It seems to grapple with the issues in a way that, you know, but for the courts, like it's engaging in the discretionary analysis, maybe not. I can see both sides of that. I mean, and I think the, I'm not trying to prejudge the outcome, but those factors would be certainly appropriate to consider in the discretionary analysis. Do you disagree with that? Well, I do disagree with that because I think in this case, I think had it been a more faxed addressed, that would have made it clear to this court that that's what they were doing, since it is not clear. I don't think we ought to punish the defendant who was a pro se defendant. He was not represented at this district court hearing. And so therefore, I think we should be very liberal in constructing what he would be entitled to by way of relief from this court. So you're saying if this had not been sort of a threshold coverage decision, if it had been a discretionary decision about whether or not to grant a reduction, more would have been put in front of the district court? That's correct. The district court would have had more faxed. That's correct. Go ahead. No, no, go ahead. The district court, I think here indicates that the proper procedural vehicle that you look at under a First Step Act approach is a section 3582C2, sentence modification analysis. I think it would be B1C, I'm not following. Okay, I may have that wrong. The B2 analysis was under the, for a guideline sentence when it was a, for the 782 amendment, that's what was followed under, for that amendment. That's not what this case said. In fact, the worsening case identifies the C2B, I believe it is, or C1. The statutory change. The statutory change. It's a different rule. It's a more encompassing rule than the C2 because. I agree that under that statutory approach that it's a analysis about a modification of a sentence and not a full plenary review or full plenary resentencing. Absolutely, Judge. That's what, that's what worsening says. Worsening solved a lot of the problems that we were having originally. Do you think worsening establishes whether we're talking about plenary resentencings or not? I'm satisfied that it does. It makes pretty clear what it is talking about. And. Isn't that, if you're talking 3582 C2, is it, does it, is it, does it, doesn't that resolve that question? No, it does not. In fact, there's a provision in worsening that identifies 3582. I think it's B1C if I'm, there's so many of these numbers, but it's B1C, but not, but not C2 that's involved in a correct merits analysis. Once you find that it is a covered case. And it, and it's a pretty broad thing, but it can be an on the record thing. The defendant does not have to be present. There does not have to be a hearing. But the factors that are considered must be the full factors that you would find in 3553A. And so that's what's missing here. And I don't think we have to blame the district judge. That's not why we're here today. What we want to do is simply go back. And that's what I'm asking the court to do is say, let's go back. Let's look at worsening. Now, judge, is it any different? Should it be different? And I think the answer is that it would be. And I think the judge would be very amenable to giving it the correct analysis. This question doesn't apply here. And, and, and, you know, there's a lot of stuff going on with the First Step Act. And I appreciate everyone helping us try to, you know, find our way through it. You know, if you had a situation where the sentence was at the low end of the guidelines and, or at the, at a mandatory minimum level based on a non-covered offense, so that in effect, you couldn't go below the mandatory minimum. Yeah. Is that type of analysis something that should happen in the covered offense part of the argument? Oh, that's correct. Something that should happen in the discretionary part of the analysis. No, I don't think there's any discretion to go before, go below a mandatory minimum statutory sentence. I mean, that much is locked in, but a judge has the discretion in any sentence to go too down, down to that point, even though it would be below the new calculated guideline range. Can I ask what might be the same question, but in a slightly different way? What if the sentence here had been 10 years, not 24 years? What if this defendant had gotten 10 years? Would that make this defendant ineligible under the First Step Act for a sentence modification, or would it just be a really good reason? I mean, it would prevent granting the modification. My view, and I think it's the correct view, is under worsening, if you've got a crack conviction, let's just call it a crack conviction, then you've got coverage, but there are other factors that are involved that would come under B, which would be, if you have a mandatory minimum sentence under another statute, such as powder cocaine, then that would be a factor for determining the new sentence, but it would not be a factor for putting the defendant out of the ballgame for consideration. That is the distinction, and I think that's what the probation office was trying to do, was to cut the defendant off from any consideration because that defense happened to be in the crack offense as well. Had the offenses been charged separately, there would be no question. It would be a covered offense. So prosecutor discretion should not be the decision. It was Congress's decision to say, if it was a crack offense, you need to look at this fellow. You don't have to give him relief, but you have to look at it. Okay. Thank you very much. Oh, excuse me. One other thing. I have one new case that I found yesterday. I have given it to opposing counsel. I have made copies. I would be glad to leave it with the clerk, whatever the court would like for me to do. Okay. Well, if you could give us a citation for the record, we can take it from there. Okay. It's 2020 Westlaw 464778. All right. And the name of the case? United States versus Luma. It's out of the district of Connecticut, Judge Underhill. Okay. Thank you. Mr. Daly. Good morning. May it please the court. Robert Daly on behalf of the United States. The government embraces, as it has to, the Wersing decision. And under the Wersing decision, the judge's decision in this case was correct. Wersing requires us to focus on the statute of conviction. And the statute of conviction here is 846. And what 846 then does is tells you to look at the objects to determine the statute of conviction. And then you apply the statutory penalty. In this case, there were two objects. There was the distribution of the powder and the distribution of the crack. When you take those two and look at the penalties, you then come up with what the penalty is for the 846 violation. And when you do that, as the district court noted, you end up with the same statutory penalty, even if you apply the Fair Sentencing Act. So because of that, the court was correct in finding that Mr. Gravitt was not eligible. And so this is why. I think that's what the district court did. You can say it's not a, that the district court, by using eligibility, talking about the threshold question. Is that your position? Yes, Your Honor. And it's informed by a number of things, including we've had about 450 of these motions in the District of South Carolina. I think the most in the country. And so this judge, who has been on the bench a long time, has done things differently. Now, I will say the government, in our initial response, did put in information that would have allowed her to make that discretionary call if she had decided he was eligible for coverage. But the case is really easily resolved. And I would leave you with this question that a court could ask to decide whether it's a covered offense. And it's really simple. If the defendant were charged today or the day after the Fair Sentencing Act, with the same federal criminal statute, 846 here, would they face the same statutory sentencing range? And if the answer is yes, then the defendant is not eligible for First Step Act release. That's pretty much the argument you made in Worsing. I mean, I understand that there's some nuanced differences, but the basic idea was like, look, you look at the violation and does the violation get the same sentencing range before and after? And here, it just sounds to me like this is very close to the exact same argument. I do understand the marginal differences, but look at the violation for the conspiracy charge. You look at the violation of the conspiracy statute and is the sentencing range the same or not? But we're not supposed to look at the violation. It turns out that the language modifies offense or whatever it was, but not violation. The one thing we're not supposed to look at is the violation and whether the violation would have the same sentencing range. And so I guess I'm just, I really am having trouble figuring out under Worsing why it's not enough. I mean, the indictment incorporates a statute, the penalty for which has been changed. Why isn't that enough just to get through eligibility? And it would be different. In fact, the Luna case is a perfect example of a district judge saying, well, yeah, they charged conspiracy. And so the truth is, under the conspiracy charge, yeah, the statutory penalties haven't changed. But, you know, they could have charged two separate conspiracies or two separate substantive offenses for the 50 grams of crack and the five kilograms of powder. Well, that's not what Worsing tells us to do. So ironically, if we buy the approach that Mr. Smalls is making, then we end up actually, I think, violating Worsing by changing, not looking at what was the statute that was charged, 846. And if you look at 846, it tells us we have to look at the objects to determine the statutory penalty. So if we do what he would say for us to do, then we end up going and looking at the conduct and saying, well, we're going to change the way it was charged because we don't like the fact the government charged a conspiracy. We want to treat it like a substantive offense, two separate substantive offenses, because. I will concede, if they were two separate substantive offenses, 50 grams of crack and five kilograms of powder, the 50 grams of crack would be a covered offense, which would would allow for the discretionary call to be made. And it looks like the court might very well give the same sentence. But we don't know because I don't think that's what the judge did in this case. And I would say, I want to help the court with these first step back cases because we're getting a lot of them and we prefer not to keep coming up here and having to be corrected. But with the guidelines, though, don't they instruct the district court to look at the conspiracy as separate offenses if they're charged in the indictment and proved? The guidelines tell you to look at the conspiracy as a whole. And maybe I'm not understanding your question. Correct. In coming up with the statutory, remember, the touchstone is the statutory penalty changed. And here, whether you take a conduct approach or the statute of conviction approach, you still end up in the same place because it's still going to be tend to life. Right. But there were two distinct offenses in the basket of the conspiracy charge. There were two objects. Yes. And one not covered. And since the guidelines, coverage doesn't, I'm sorry, saying coverage just doesn't matter. Coverage doesn't apply to the individual objects of the conspiracy. Coverage applies to the 846 conspiracy. That is the statute of conviction. If you look at Joint Appendix page 45, that's what's listed in the judgment as the statute of conviction. So I have sort of a practical concern that I think maybe relates to what Judge Keenan is asking you. This case would look really different to me if he had been, if the defendant had been sentenced to 10 years. But basically what we have is at the time of sentencing, the judge was instructed, the district court is instructed to look at what are the subject offenses. I'm sorry, I'm blanking on the right phrase. But look at both of those offenses. And at the time of sentencing, those were two really serious offenses, both of which had a 10 year to life sentence. And basically at the time of sentencing, the crack offense was treated much more seriously than it is now. If this case were sentenced under the Fair Sentencing Act, the picture would look very different to the sentencing judge. There'd be this one very serious underlying predicate offense, but one of them would now be less serious. It would be 5 to 40 years, not 10 to life. It would be less serious. That seems like exactly the kind of thing that was driving Congress. Like this case might actually, this guy might have been sentenced to less time under the Fair Sentencing Act than he was sentenced to. Well, again, we're not going down the conduct specific, but he was, he was dealing 150 kilograms of powder. He was actually, the underlying facts are, he was, it was almost all powder he was sending in some small amount when it got to South Carolina, it was converted into crack. So due respect, I'm not certain that this is the poster child for a fellow who, again, the underlying reason for the Fair Sentencing Act and the First Step Act was to ameliorate the, you know, these problems with the difference between crack and powder defendants being treated disparately. He wasn't one of those people because his conspiracy involved both powder and crack that the, the crack guidelines and the crack object of the conspiracy didn't drive the statutory penalty in this case. It was. It seems like that, that seems, and help me if I'm understanding what you're saying. It seems like you are, your argument, you know, adds a, does it matter or does it make a difference element in the covered offense analysis? And, and, and, and the questions we were asking about the 10 year kind of relate to that. I'm not sure if we're in a situation where it truly doesn't matter, that's something we haven't faced yet and, and, and, and that it might be a different case. It, it, but, but the statute really doesn't have language that says, well, it's not covered if it doesn't end up making the difference. It says, you know, it looks, you know, it, it calls us to look at the statute that's been violated and then it called, and then it has two limitations in C. And if it's not, if it's a covered offense and if it isn't one of the limitations in C, it looks to me like the statute requires you to go to B and undertake the question. And, and, and so I, whether or not it matters or not, it may be a little bit of a wasted ink on a, you know, order at some point, but it, but it, it, you know, it seems like what the statute calls the district court to do. Right. And, and I'm in complete agreement with you. And I would tell you the statute actually does work in our favor because subpart A says that the statutory penalty for the federal criminal statute, in this case, 846, has to be modified by the Fair Sentencing Act. When this, if, if you were to send this case back and say it's covered, guess what's going to happen? The probation office and the court and everybody's going to agree that the 846 violation has the same statutory penalty, 10 to life, that it had in 2003, had the day after the Fair Sentencing Act, had the day after the First Step Act was passed. Well, does 846 have a statutory penalty? It tells you, you have to look at the objects. You have to look at the object. Right. And so when you look at the object, you're looking at two separate crimes. Well, but it's one crime, it's a conspiracy. Excuse me, but two separate violations that, that constitute the conspiracy. But tell me, where in the First Step Act, is there any language in the statutory text that suggests that when you have a conspiracy, you don't look at the violations? There isn't any, right? No, no, no, no, Your Honor. There's, there's no, there's a lot of things in the First Step Act that, that, that are not explicitly referred to. So, is, is there a, is there a, we're not, this probably isn't necessarily part of our ultimate decision, but is, is there a, a, a reason, you know, from the government's perspective that would be, you know, bad from a policy standpoint to, you know, read the statute literally and, and then have the district courts make in the discretionary decision on a lot of these things that are, you know, maybe understandably given the statute is new and everything. But is there a real problem with drawing such a hard line on the threshold question? Well, we haven't taken a hard line in the District of South Carolina, partly because we, the volume, I mean, we, we followed the, we've tried to follow what the statute says. And, and, and, and what has come about when there's ruling such as worsening what we should do. I'm not making this argument sort of just, I mean, we, we're, every day it's a moving target. I mean, you know, Mr. Smalls put up a, you know, just gave a case from two days ago. I mean, every day we're looking at sort of where the law is and, and good for y'all. You get the opportunity to be the first people to decide whether a conspiracy, a dual object conspiracy where one object clearly will make the conspiracy statutory penalties the same. If it goes back, you get to decide whether that's a covered offense or not. So, you know, you'll, you'll get to educate the rest of your colleagues. We believe that you shouldn't find that it's a covered offense and that you should affirm the district court because she made a common sense, correct approach. That this statute of conviction, the 846 violation, it's statutory penalty will continue to be tend to life. Even if you were to apply the fair sentencing act, I certainly don't want to cut this short. If you have any further questions, I appreciate it. Thank you. Thank you, Mr. Small. Well, sometimes the common sense approach is not the legal approach. And what we're here to talk about today is the legal approach. And we're now guided by worsening in the language that we're guided by congressional intent. It was to look at any case that was impacted by crack cocaine. And by taking a liberal approach, and I've given you several charts. I mean, thousands of cases have been reviewed and sentences have been modified under the First Step Act. So I think it does indicate that nationally, a liberal approach has been taken. I would ask the court to give that same consideration here. And there is no damage. It simply assures the defendant will get what I think Congress intended under the First Step Act. Thank you. Thank you, sir. I'll ask the clerk to adjourn court, then we'll come down and greet counsel. This honorable court stands adjourned. Signed, aye. God save the United States and this honorable court. Thank you.
judges: Barbara Milano Keenan, Pamela A. Harris, A. Marvin Quattlebaum Jr.